IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIO CASTANEDA | § | |
|     TDCJ-CID #252040 | § | |
| V. | § | C.A. NO. C-06-261 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, TDCJ-CID | § | |

## ORDER FOR SERVICE OF PROCESS

Pursuant to 28 U.S.C. § 2254, et seq., and the Rules Governing Section 2254 Cases in the United States District Courts, it is ORDERED:

1. Preliminary examination of petitioner's application for a writ of habeas corpus establishes that summary dismissal is not warranted, and petitioner has paid the $5.00 filing fee. Petitioner's application for leave to proceed *in forma pauperis* (D.E. 2) is denied as moot.

2. Nathaniel Quarterman, Director of TDCJ-CID, is the proper respondent to this application for writ of habeas corpus and is hereby substituted as respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases.

3. **The Clerk of the Court shall send a copy of the original petition (D.E. 1) and this Order by first class mail to:**

> **Gena Bunn**
> **Chief, Habeas Corpus Division**
> **Office of the Attorney General (Mail Code 066)**
> **P.O. Box 12548**
> **Austin, TX 78711-2548**

4. Respondent shall file an answer and any dispositive motions, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within forty-five (45) days of receipt of the petition. Petitioner will respond to any motion filed by respondent within thirty (30) days of the date on which respondent mailed petitioner his copy of the additional

pleadings, as shown by respondent's certificate of service. Failure of the petitioner to respond to respondent's motion within the time limit will, if appropriate, result in granting of summary judgment in favor of respondent.

5. Respondent's answer shall contain: (a) a statement of authority by which petitioner is held, and if held under the judgment of any court(s), the name of such court(s) and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

6. Respondent's answer shall be accompanied by the following documents relating to the conviction(s) of the court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appeals from the judgment or conviction or from any adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reporters; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of the action.

7. It is further ordered that each party shall serve the other party, or his counsel, with

a copy of every pleading, motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated. In the case of the *pro se* party, only signature by the *pro se* party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the *pro se* party, it will not be considered by the Court.

Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

8.      There will be no direct communication with the United States District Judge or Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See FED. R. CIV. P. 5, 11.

ORDERED this 10th day of July, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3